UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| HARVEY HOOVER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 3:13-CV-217-TLS |
| UNITED STATES GOVERNMENT, et al. | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant United States of America's Motion to Dismiss [ECF No. 19]. The Defendant's Motion argues that the Plaintiff's Second Amended Complaint [ECF No. 11] should be dismissed in accordance with Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief can be granted. The Pro Se Plaintiff, Harvey Hoover, filed what the Court construes as a Response [ECF No. 20] on June 19, 2014. He then filed another document titled as a "Motion for Non Dismissal" [ECF No. 23], which the Court will construe as a Supplement to his Response rather than as a Motion. Because it was filed as a Motion, however, the Defendant did file a Response [ECF No. 24]. Because the Court considers pro se filings liberally, the Court will consider all these filings together in this Opinion and Order, which resolves the pending Motion to Dismiss.

## FACTUAL BACKGROUND

The history of the Plaintiff's interactions with the court system and federal agencies is lengthy and complex. The Court sets forth only the basic facts relevant to the pending Motion.[1]

The Plaintiff, Harvey Hoover, was convicted on three counts of filing false income tax returns and one count of presenting a false statement on a college financial aid application. He was sentenced on July 24, 1998, to 46 months imprisonment and was ordered to turn over savings bonds as part of restitution. On September 18, 1998, the Court found the Plaintiff in contempt of court for actions related to the transfer of the savings bonds to his sons and sentenced him to an additional six months in prison. Hoover appealed his conviction. The Court of Appeals upheld the conviction, but did determine that the Court lacked the authority to order him to turn over the savings bonds to pay restitution and ordered his sentence modified accordingly. *United States v. Hoover*, 175 F.3d 564 (7th Cir. 1999). Hoover later appealed the district court's finding of contempt, but the Court of Appeals upheld the district court's contempt order. *United States v. Hoover*, 240 F.3d 593 (7th Cir. 2001).

In 2003, the IRS determined that the Plaintiff was entitled to an informant reward in the amount of $65,146.07. (Pl.'s Second Am. Compl., ECF No. 11 at 25.) In a letter dated October 27, 2003, the IRS informed the Plaintiff that it had applied the entire award to his outstanding tax liabilities. (*Id.*) In December 2011, the Plaintiff filed a Federal Torts Claim Act (FTCA) administrative claim with the IRS for damages and loss of the informant award. (*Id.* at 12–13.) The Plaintiff made no claims regarding his conviction, prison sentence, or IRS collection activities in his December 2011 letter. (*Id.*) On September 21, 2012, the IRS denied the

---

[1] A more detailed factual background can be found in the Seventh Circuit's ruling on the Plaintiff's original appeal of his conviction. *See United States v. Hoover*, 175 F.3d 564, 566–67 (7th Cir. 1999).

Plaintiff's administrative claim on the grounds that is was untimely and barred under the FTCA. (*Id.*) Subsequently, the Plaintiff filed his Pro Se Complaint, which was later amended on two occasions.[2]

## ANALYSIS

**A.  Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court must accept all of the factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Under the liberal notice pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not contain detailed facts, but surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to

---

[2] The Court notes that Federal Rule of Civil Procedure 4(i) requires the Plaintiff to serve copies of the summons and complaint to the United States attorney for the district where the action is brought. The Plaintiff failed to serve his Complaint on the U.S. Attorney. After the Defendant pointed this out in its Motion to Dismiss brief, the Plaintiff attempted to cure this deficiency [ECF No. 20]. That attempt at service late in the process was stricken by the Court [ECF No. 21]. Because the Plaintiff is pro se and because the matter has been fully and adequately briefed by counsel for the Defendant, the Court will proceed to a ruling on the pending motion rather than wait for additional service to be completed. This enhances judicial economy and, because the Court is ruling in favor of the Defendant, there is no risk of prejudice to the Defendant with regard to the service issue.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The Plaintiff's claims fall under the Federal Tort Claims Act (FTCA). The FTCA "contains a threshold requirement that an administrative claim be 'presented in writing to the appropriate Federal agency.'" *LeGrande v. United States*, 687 F.3d 800, 812 (7th Cir. 2012) (quoting 28 U.S.C. § 2401(b)). "Indeed, no lawsuit may be filed 'unless the claimant shall have first presented the claim to the appropriate Federal agency.'" *Id.* (quoting 28 U.S.C. § 2675). *See also Glade v. United States*, 692 F.3d 718, 723 (7th Cir. 2012) (stating that failure to exhaust administrative remedies bars a Federal Tort Claims Act suit); *Bowers v. United States*, 498 F. App'x 623, 625 (7th Cir. 2012) (discussing failure to exhaust in the context of a taxpayer suit for wrongful tax collection under 26 U.S.C. § 7433).

The administrative claim must contain "a statement of the essential facts underlying a claim" sufficient to allow a "legally trained reader" to infer the legal cause of action. *See Murrey v. United States*, 73 F.3d 1448, 1452–53 (7th Cir. 1996). Additionally, the claim must be presented to the appropriate federal agency within two years of the accrual of the claim. 28 U.S.C. § 2401(b). A cause of action accrues when the claimant knows or has reason to know of the fact of the injury that constitutes the basis of an action, and when a person in like circumstances would have discovered that the injury was caused by a government actor.

Certain issues are exempt, however, from the above requirements. The FTCA does not apply to claims relating to the assessment or collection of any tax. 28 U.S.C. § 2680(c); *see also Voelker v. Nolen*, 365 F.3d 580, 581 (7th Cir. 2004) (finding that claims regarding assessment or

4

collection of any tax are not covered by FTCA). Furthermore, the FTCA precludes suits against the government on any claim arising out of false imprisonment. 28 U.S.C. § 2680(h).

**B.      The Plaintiff's Allegations**

The Plaintiff's Second Amended Complaint presents a great deal of information from which it is somewhat difficult to discern specific claims. Although filed improperly, the Plaintiff's "Motion For Non Dismissal" [ECF No. 23] more clearly articulates his specific claims and because the Plaintiff is pro se the Court will consider this filing. The Plaintiff's restatement of his claims are all addressed by the Defendant's Memorandum in Support of its Motion to Dismiss. The Court understands the Plaintiff's filings as making the following claims: (1) damages for the amount of his informant award; (2) false imprisonment for all the time he spent in prison; (3) unauthorized collection of taxes; and (4) a 26 U.S.C. § 7433 claim for civil damages for certain unauthorized collection actions. The Court will consider each claim separately.

*1.      Informant Award*

The Plaintiff's claim for damages totaling the amount of his informant reward is not a claim upon which relief can be granted for two reasons. First, the Plaintiff's FTCA administrative claim was untimely. Under 28 U.S.C. § 2401(b), any FTCA administrative claim must be filed within two years of the accrual of the claim. The IRS notified the Plaintiff on October 27, 2003, that it had applied his informant reward against his outstanding tax liability, but he did not file an FTCA administrative claim until December 2011. In his Response, the Plaintiff invokes 26 U.S.C. § 6213, which states that if a petitioner files a petition with the Tax

Court regarding a deficiency, no court proceedings for its collection can be brought until the decision of the Tax Court is final. Therefore, he argues that his claim had not yet accrued and thus the statute of limitations had not run when he filed his administrative claim in December 2011. The cited statutory provision seems to specifically prevent the Government from instituting a court proceeding to assess a tax deficiency or to start a proceeding for the collection of a deficiency while a petition is pending before the Tax Court. The Plaintiff's Second Amended Complaint does not explain how precisely this provision applies in his case. No court proceeding was started regarding his informant award, and the deficiency to which the informant award was applied was already on the books. The Plaintiff has not provided any evidence as to why the application of his award to his outstanding tax liability was improper or why the statute he cites should apply to his case.

But even if the Plaintiff had filed a timely administrative claim regarding his informant reward, the claim would still be barred under 28 U.S.C. § 2680(c), which exempts from the FTCA any claim "arising in respect of the assessment or collection of any tax. . . ." Thus, the Plaintiff failed to comply with the general requirements for filing an FTCA claim, and even if he had followed those requirements a clear exemption in the statute bars his claim.

### 2. *Prison Sentence–False Imprisonment*

The Plaintiff also seeks damages for the time he spent in prison, which he argues was false imprisonment. However, the FTCA expressly precludes from its waiver of sovereign immunity any suits against the government for false imprisonment. 28 U.S.C. § 2680(h). Notably, the Plaintiff repeatedly claims that the Government admitted that "the prison sentence

was deleted after the seventh circuit ruling." In fact the Seventh Circuit determined that only one portion of the Plaintiff's sentence with regard to restitution should be modified. The Court of Appeals did nothing to modify or adjust his term of imprisonment.[3] Ultimately, the Plaintiff is incorrect in his claim that the modification of his sentence involved a modification to his term of imprisonment. That is simply not the case. Regardless, his claim for false imprisonment is specifically barred by 28 U.S.C. § 2680(h).

### 3. *Unauthorized Collection Claim*

Again the Plaintiff's filings make it difficult for the Court to ascertain the precise nature of his claims. In his unauthorized collection claim, the Plaintiff seems to focus on the collection of savings bonds in 1998 and an adjustment to the Plaintiff's 1989 tax year made in 2007. However, the Plaintiff has failed to exhaust his administrative remedies with regard to these claims as required by 28 U.S.C. § 2401(b). The Plaintiff's December 2011 administrative claim only presents a claim regarding the informant award, which is discussed above. A reasonable legally trained reader would not be able to discern or infer from the Plaintiff's December 2011 letter any claim for these collection activities. *See Murrey*, 73 F.3d at 1452–53. Therefore, the threshold requirement that an administrative claim be presented to the appropriate Federal

---

[3]The Plaintiff misunderstands the Seventh Circuit's ruling. In his initial appeal, the Seventh Circuit did hold that the district court lacked the authority to order him to surrender savings bonds that were in his sons' names to satisfy an order of restitution. *Hoover*, 175 F.3d at 568–69. In this decision the Seventh Circuit ordered the portion of the Plaintiff's sentence in that case to be modified, and the provision regarding the savings bonds was ultimately deleted. *Id*. It was this part of the sentencing determination that was deleted and not any part of his prison sentence as he suggests. The Plaintiff's term of imprisonment was upheld by the Court of Appeals. *Id.* Additionally, the Plaintiff later challenged the district court's imposition of six additional months imprisonment after the court found the Plaintiff in contempt, but the Court of Appeals upheld the district court's contempt order. *Hoover*, 240 F.3d 593.

7

Agency prior to bringing a lawsuit has not been met and the Court cannot grant relief on this claim. Furthermore, even if that requirement were met, the claim is still barred under 28 U.S.C. § 2680(c) because it arises out of the assessment and collection of taxes.

4. *Section 7433 Claim*

In addition to the FTCA, there is a limited waiver of sovereign immunity under 26 U.S.C. § 7433. This provision allows taxpayers to recover damages for unauthorized tax collection. Like the FTCA, exhaustion of administrative remedies is a condition of the government's waiver. "Congress has specified that a 'judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.'" *Gray v. United States*, 723 F.3d 795, 798 (7th Cir. 2013) (quoting 26 U.S.C. 7433(d)(1)). To exhaust administrative remedies, a taxpayer must send a claim to the area director and must state the claim, the grounds for the claim, a description of the harm incurred, and the dollar amount of the claim. *See* 26 C.F.R. § 301.7433-1 (e). Furthermore, a civil action must be filed within two years of the date the cause of action accrues. 26 U.S.C. § 7433(d)(3). A cause of action under this section accrues when "the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433-1 (g).

Once again, the only administrative action the Plaintiff took was a December 2011 letter that discussed his informant award. He made no other claims in that letter. There was no information about the collection of savings bonds in 1998 or adjustments to his taxes made in 2007. Nor was there mention of any other potential claim. Because the Plaintiff has not provided

8

any evidence that he filed a section 7433 administrative claim with the IRS regarding collection activities, he has failed to show that section 7433 applies to his claims. Therefore, the Plaintiff has failed to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss [ECF No. 19] is GRANTED and the case is DISMISSED WITH PREJUDICE.

SO ORDERED on September 29, 2014.

                                          s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT
                                          FORT WAYNE DIVISION